**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH D. BOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1564-AGF |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Keith Box for leave to commence this action without payment of the required filing fee [Doc. #2].  Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay the filing fee in this case.  Moreover, for the reasons stated below, the Court will dismiss this action pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

### The Petition

Petitioner, an inmate at the Potosi Correctional Center ("PCC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that he was issued two conduct violations on May 22, 2013, after several correctional officers "applied unlawful use of force" against him.  More specifically, petitioner states that on May 22,

correctional officers pepper-sprayed him for no legitimate reason, "constantly kneed [him] in the right side ribs," "slammed . . . [his] face into [a] concrete floor," handcuffed him, and took him to the medical unit for treatment.  Petitioner states that the assaults were captured on PCC security surveillance cameras, but this evidence was wrongfully withheld from him for use at his conduct violation hearing.  Petitioner further states that, in violation of his due process rights, two biased prison officials found him guilty based on false statements and altered facts.  Petitioner asserts that he had a "liberty right not to have false evidence intentionally presented against [him]" and that he was deprived of his liberty without due process.  For relief, petitioner asks this Court to "issue an order to Warden Troy Steele to transfer [him] and upon transfer . . . [to] be released from segregation in which he's held in violation of his due process rights."

## Discussion

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

In the instant action, petitioner is not challenging the fact of his custody or the validity of the underlying state- court judgment against him, but rather the process by

which he was allegedly found guilty of two false conduct violations at PCC.  Because petitioner is not seeking to secure his release from state custody or to shorten the length of his state-court conviction, he cannot obtain a remedy through habeas corpus, and the petition must be dismissed.

Moreover, the Court will not liberally construe the instant action as having been brought pursuant to 42 U.S.C. § 1983, because it appears that petitioner has achieved three-strikes status under 28 U.S.C. § 1915(g).[1] Petitioner  has not paid the $400 filing fee, and there is no indication that he was in imminent danger of serious physical injury at the time he signed the petition on or about July 29, 2013.  Although petitioner states, "I . . . fear for my life here at PCC, because of the conspiracy in my criminal case in this District Court," the Court finds no factual allegations indicating that he is in imminent danger.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). As such, this action will be dismissed, without prejudice to refiling as a fully paid civil rights complaint, should petitioner elect to do so.

Accordingly,

---

[1]*See Box v. Bollinger*, No. 1:02-CV-105-FRB (E.D. Mo.); *Box v. Scott Cnty. Jail*, No. 1:96-CV-69-LMB (E.D. Mo.); *Box v. Miss. Cnty. Jail*, No. 1:96-CV-22-LMB (E.D. Mo.).

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's "motion for expedite[d] ruling on habeas corpus petition" [Doc. #3] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of November, 2013.


_____
UNITED STATES DISTRICT JUDGE